IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Raymond Leon Gill,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10cv443 (JCC/JFA) |
| | ) | |
| **Director, Department of Corrections,** | ) | |
| Respondent. | ) | |

F I L E D
MAR 1 0 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Raymond Leon Gill, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of grand larceny entered on a guilty plea in the Circuit Court of the City of Hampton, Virginia. On September 13, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Gill was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a Brief in Support of Motion Not to Dismiss on September 22, 2010. For the reasons that follow, respondent's Motion to Dismiss will be granted, and Gill's petition will be dismissed. Gill's request for an evidentiary hearing will be denied.

### I. Background

On October 14, 2008, Gill pleaded guilty to three counts of grand larceny, in case numbers CR08000293-00 to -02, and received an aggregate sentence of fifteen years imprisonment with nine years suspended. No direct appeal was taken. However, on June 18, 2009, Gill filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, followed by an amendment to the petition four days later, in which he collectively raised the following claims:

1

1. He received ineffective assistance of counsel when his attorney failed to secure the presence of Jesus Perez as a witness.

2. He received ineffective assistance of counsel because his attorney failed to give him his case file.

3. He was denied his right to confrontation because he was tricked by his counsel and the prosecutor into pleading guilty, when the prosecutor knew that the star witness had disappeared and was afraid to come to court to testify because he was actually guilty of stealing the merchandise.

Attached to the petition was a statement by Gill, expanding upon his claims, as follows:

> There was a guy named Jesus Perez that was the loss prevention officer at Sears Department Store on Mercury Boulevard in Hampton, Virginia. He use too [sic] sell me merchandise for less than half price of what the merchandise was worth. Sometimes I kept it, or resold it for more to pawn shops for a profit. I may have been guilty of obtaining money bye [sic] false pretense, but not grand larceny. Well, Mr. Jesus Perez stold [sic] so much merchandise from the store that he started reporting the stuff he was selling me stolen. So a few items that I sold to the pawn shops was traced to me and I got charged. I told my lawyer everything that was going on, but she never told the judge. She said it was best that I plead guilty because of my record. And when it came time for Jesus Perez from Sears to come too [sic] court and testifie [sic], he quit Sears and didn't even pay mind too [sic] the subpoena to come testify because he was scared because he knew what he did. But so behold, bye [sic] then it was too late because my lawyer said it was best I plead guilty, so I had already [sic] agreed to plead guilty. The paper work I have is in my files. I'm sending you a copy.
>
> (P.S. I'm not guilty of grand larceny)!

On March 19, 2010, the Supreme Court of Virginia granted respondent's motions to dismiss

the petition and amended petition, finding Gill's claims to be without merit. Gill v. Dir., Dep't of Corrections, R. No. 091234 (Va. Mar. 19, 2010).

On April 2, 2010, Gill timely filed the instant federal habeas petition,[1] raising the following claims:

> 1. a. He received ineffective assistance when counsel failed to inform the judge about Jesus Perez' involvement in the crimes, which resulted in petitioner's conviction of grand larceny rather than receiving stolen merchandise.
>
>    b. He received ineffective assistance because he had to correspond with the state bar association to make counsel send him his case file.
>
>    c. He received ineffective assistance of counsel because his lawyer said it was best for him to take the plea.
>
> 2. His rights under the Sixth Amendment were violated because in all criminal prosecutions, the accused shall enjoy the right to a speedy trial by and impartial jury of the state and district where the crime have [sic] been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor.

Also appended to Gill's federal petition is a verbatim copy of the statement he included with his state habeas application to the Virginia Supreme Court, as quoted in its entirety supra.

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Gill certified that he placed his petition in the prison mail system on April 2, 2010, Pet. at 15, and the petition was date-stamped as received by the Clerk on April 27, 2010. Pet. at 1.

Respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has filed a reply. Accordingly, this matter is now ripe for review.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Here, to the extent that Gill intended his imperfect quotation of the Sixth Amendment which he denominates "Ground Two" on the face of his petition to be a freestanding claim for relief, it is unexhausted, as it was never presented to the Supreme Court of Virginia for review. However, citing Rose v. Lundy, 455 U.S. 509 (1982), Gill requested on the face of his § 2254 petition that "if for some reason" Ground Two was unexhausted, it be "deleted" so his claim of ineffective assistance could be considered on the merits. Pet. at 2. In an Order entered June 2, 2010, Gill's request was construed as a voluntary dismissal of Ground Two, and the claim was dismissed from the petition. Accordingly, it will not be considered in this Opinion.

In his Brief in Support of Motion to Dismiss, respondent argues that petitioner's claim that

4

he was coerced by his attorney into pleading guilty was not exhausted by being presented to Virginia's highest court. However, the Supreme Court of Virginia disposed of that claim on the merits in its order dismissing Gill's state habeas corpus application. Therefore, the claim is exhausted and will be discussed below.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

5

## IV. Analysis

In all of his cognizable federal claims, Gill argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate

and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in ... McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377,

396 (4th Cir. 2001).

In his first claim, Gill argues that his counsel rendered ineffective assistance by failing to secure the presence of Jesus Perez as a trial witness. When Gill raised this same challenge to the effectiveness of his representation in his state application for habeas corpus relief, it was rejected for the following reasons:

> In a portion of claim (a) and a portion of the amendment to the petition for a writ of habeas corpus, petitioner alleges he was denied the effective assistance of counsel because counsel failed to call a witness, Jesus Perez, to testify about Perez' involvement in the crimes and because counsel insisted that petitioner plead guilty.
>
> The Court holds that this portion of claim (a) and this portion of the amendment satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner fails to provide an affidavit from Jesus Perez to show how Perez would have testified at trial. The record, including the affidavit of counsel, demonstrates that counsel investigated but was unable to corroborate petitioner's claim that Perez was involved in the thefts. Furthermore, the trial transcript demonstrates that at his plea colloquy petitioner informed the court he had no witnesses and was freely and voluntarily pleading guilty, because he was, in fact, guilty. Petitioner is bound by these representations to the court. See Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1982). Thus, Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Gill v. Dir., supra, slip op. at 1 - 2.

Review of the transcript of the plea colloquy reveals that, as the Virginia court determined, Gill acknowledged at that proceeding that his plea of guilty was being made completely freely and voluntarily, Tr. 6/26/08 at 7, that he had been advised by counsel as to all pertinent ramifications of

8

entering the plea, id. at 7 - 9, and that he had nothing to add to the Commonwealth's summation of the facts shown by the evidence. Id. at 10. Also before the Virginia court was the affidavit of Gill's counsel, who attested that Gill had told her that Jesus Perez was complicit in the thefts from Sears, but that her investigation "did not in any way corroborate that claim." Counsel had no verification of Perez's involvement in the crimes, and was of the opinion that even assuming Perez was involved, it would not have been a defense for Gill. Instead, if Gill's description of a conspiracy between the two were true, "that could only have led to more charges" against Gill. Counsel approached the prosecutor concerning Gill having possible information regarding Perez' involvement in the matter, but the prosecutor indicated he was not interested in the information, called Gill a liar, and threatened the possibility of more charges being brought against Gill. Counsel attested that she discussed all of this in detail with Gill during the preliminary stages of his case, and Gill advised her that he understood the problem and had decided to go forward with the offer of a plea agreement. Va. R. No. 091234, Resp. Mo. to Dismiss, Ex. 1.

Under these circumstances, the conclusion of the Supreme Court of Virginia that counsel's failure to secure Perez' presence did not amount to ineffective assistance was neither contrary to nor an unreasonable application of the clearly established federal law upon which it expressly relied, Hill, 474 U.S. at 59, nor was it based on an unreasonable determination of the facts. Gill has offered no clear and convincing evidence which would call into question his sworn declarations at the plea colloquy that his plea was voluntary and that counsel had advised him appropriately of its consequences. Cf. Beck, 261 F.3d at 396. Accordingly, federal habeas corpus relief is not warranted on petitioner's first claim.

In his second claim, Gill contends that he received ineffective assistance of counsel because

he had to correspond with the state bar association to make his attorney provide him with his case file. The Supreme Court of Virginia held that this argument was not cognizable in a petition for habeas corpus, because "[t]he writ is not available to secure a judicial determination, which would not affect the lawfulness or the duration of petitioner's conviction or sentence." Gill v. Dir., supra, slip op. at 2. Because that same principle is true in federal jurisprudence, see Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (where claim contains no challenge to propriety of prisoner's confinement, it is not cognizable under § 2254), Gill's second claim must be dismissed.

In his third claim, Gill faults his attorney for denying Gill his right to confrontation and coercing him to plead guilty. The Supreme Court of Virginia found no merit to this argument, as follows:

> In another portion of the amendment to the petition for a writ of habeas corpus, petitioner alleges he was denied his right to confrontation because the prosecutor tricked petitioner into pleading guilty although the prosecutor knew that Jesus Perez had disappeared and was not going to testify.
>
> The Court holds that this portion of the amended petition is barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea. Peyton v. King, 210 Va. 194, 196 - 97, 169 S.E. 2d 569, 571 (1969).

Gill v. Dir., supra, slip op. at 2 - 3.

Review of the colloquy transcript reveals the following exchange:

> THE COURT: Whose decision was it to plead guilty?
>
> GILL: My decision.
>
> THE COURT: Before you came to your decision, did you first confer with your attorney and go over the

10

cases?

GILL: Uh-huh.

THE COURT: Is your plea of guilty made completely freely and voluntarily?

GILL: Yes.

THE COURT: Has anyone promised you anything or used any force or duress on your person or mind to make you or get you to plead guilty?

GILL: No.

THE COURT: Are you pleading guilty because you are, in fact, guilty of these three offenses?

GILL: Yes.

Tr. 6/26/08 at 7 - 8.

Gill has come forward with no clear and convincing evidence to counter his foregoing representations that his plea was made voluntarily and without coercion. Cf. Beck, 261 at 396. Accordingly, the decision of the Supreme Court of Virginia to reject Gill's contrary argument was in accord with clearly established federal law and was based on an reasonable determination of the facts, so that result may not be disturbed here. See Williams, 529 U.S. at 412-13.

Lastly, it is noted that petitioner's Brief in Support of Motion Not to Dismiss contains a prayer for an evidentiary hearing. A federal court must grant an evidentiary hearing to a habeas applicant where: (1) the merits of the factual dispute were not resolved in a state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the

state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas petitioner a full and fair fact hearing. Townsend v. Sain, 372 U.S. 293, 313 (1963). As petitioner's claims can be thoroughly addressed on the existing record, and because he is not entitled to further evidentiary development of his claims pursuant to any of the Townsend factors, petitioner's request for an evidentiary hearing is without merit and will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006) (noting that a habeas petitioner is entitled to an evidentiary hearing in federal court if he can establish one of the six factors enumerated in Townsend); cf. Green v. Johnson, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006) (granting an evidentiary hearing where a petitioner's mental impairments remained disputed, and he was not afforded a full and fair hearing in state court to resolve the disputes).

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed. Petitioner's request for an evidentiary hearing will be denied. An appropriate Order shall issue.

Entered this _10th_ day of _March_ 2011.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge